THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

VERONICA DANIELSON,

    Plaintiff,

v.

MEGAN J. BRENNAN, *et al.*,

    Defendant.

CASE NO. C16-0476-JCC

ORDER GRANTING SUMMARY JUDGMENT

This matter comes before the Court on Defendant's motion for summary judgment (Dkt. No. 29). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Veronica Danielson, a U.S. Postal Service employee, brings the following claims against the U.S. Postal Service and its Postmaster General, Megan Brennan: an action for the non-payment of minimum wages pursuant to 29 U.S.C. § 206(a)(1)(C), a retaliatory workplace action pursuant to 29 U.S.C. § 215(a)(3), and a hostile work environment action pursuant to 29 U.S.C. § 215(a)(2).[1] (Dkt. No. 6 at 10–11.) Plaintiff asserts that her station

---

[1] Plaintiff also asserted causes of action for the nonpayment of overtime wages pursuant to 29 U.S.C. § 207(a)(1) and a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* The parties later stipulated to dismissal of these claims. (Dkt. Nos. 21, 23.)

manager, Thao Tran, instructed Plaintiff's direct supervisor to delete Plaintiff's time record entry for .67 hours of overtime Plaintiff worked without prior management approval. (Dkt. Nos. 6 at 3, 41 at 2.) Plaintiff further asserts that after reporting the incident to the Postal Service's Office of the Inspector General, Tran and Plaintiff's supervisors engaged in a variety of retaliatory actions, thereby creating a hostile work environment. (Dkt. No. 6 at 4, 10.)

Defendants move for summary judgment. (Dkt. No. 29.) They assert Plaintiff's wage and hostile work environment claims fail as a matter of law. (*Id.* at 5, 21.) They further assert that Plaintiff fails to establish a prima facie case of retaliation. (*Id.* at 7.) The Court agrees.

## II. DISCUSSION

### A. Legal Standard: Summary Judgment

The Court shall grant summary judgment if the moving party shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The Court must view the facts and justifiable inferences to be drawn therefrom in the light most favorable to the opposing party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986). Once a motion for summary judgment is properly made and supported, the opposing party must present specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Material facts are those that may affect the outcome of the case, and a dispute about a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson*, 477 U.S. at 248–49. Ultimately, summary judgment is appropriate against a party who "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

As a threshold matter, Plaintiff asserts that Defendants are subject to a "clear and convincing" burden at summary judgment. (*See* Dkt. Nos. 41 at 2, 8–9) (citing *Anderson*, 477 U.S. at 255). This is a misstatement of *Anderson*. The burden of proof for evidence presented at

summary judgment is the same as for evidence presented at trial. *Anderson*, 477 U.S. at 252–53. For most civil cases, this is a "preponderance of the evidence." *Id.* at 252. Only in instances where a different burden is mandated at trial, such as the "clear and convincing" standard applicable to the actual malice determination in the libel suit in *Anderson*, would that different burden apply at summary judgment. *Id.* at 254; *see Avila v. L.A. Police Dep't*, 758 F.3d 1096, 1102 (9th Cir. 2014) (a preponderance of the evidence burden applies to a retaliation claim).

### B. Minimum Wage Claim

Plaintiff brings a claim for failure to pay the required hourly minimum wage. (Dkt. No. 6 at 10); 29 U.S.C. § 206(a)(1). At issue is the .67 hours of overtime Plaintiff worked for which she alleges Tran instructed Plaintiff's supervisor to delete Plaintiff's time entry. (Dkt. No. 41 at 2.) But Plaintiff admits that she was eventually paid for this time. (*See* Dkt. No. 5 at 2) (grievance settlement agreement). Therefore, she has no claim under 29 U.S.C. § 206(a)(1). The Court GRANTS Defendant's motion for summary judgment on this issue.

### C. FLSA Retaliation Claim

The Fair Labor Standards Act ("FLSA") prohibits an employer from discharging or in any other way retaliating against an employee for filing a complaint or instituting a proceeding against the employer. 29 U.S.C. § 215(a)(3). FLSA's anti-retaliation provision is intended "to provide an incentive for employees to report wage and hour violations by their employers" and "to ensure that employees are not compelled to risk their jobs in order to assert their wage and hour rights under the Act." *Lambert v. Ackerley*, 180 F.3d 997, 1003 (9th Cir. 1999) (quotation omitted). As a remedial statute, FLSA is to be construed broadly. *Id.* at 1003.

To prevail on an FLSA retaliation claim, a plaintiff must make a prima facie showing that (a) the defendant was aware of the plaintiff's participation in a protected activity (b) that an adverse employment action was taken against the plaintiff, and (c) that the protected activity was a substantial motivating factor in the adverse employment action as to that plaintiff. *Lambert*, 180 F.3d at 1007. A plaintiff must establish a prima facie case "by a preponderance of the

ORDER GRANTING SUMMARY JUDGMENT
C16-0476-JCC
PAGE - 3

evidence." *Tex. Dept. of Cmty. Affairs v. Burdine*, 450 U.S. 248, 253 (1981). If a plaintiff meets this standard, the burden shifts to the employer to offer a legitimate, non-discriminatory reason for the adverse action. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973).[2] The burden then shifts back to the plaintiff to demonstrate that the employer's proffered reason is pretextual. *Id.*

1. <u>Prima Facie Case</u>

It is undisputed that a wage-based internal grievance is an FLSA-protected activity. (Dkt. No. 41 at 12); *see Lambert*, 180 F.3d at 1004 (FLSA-protected activities include internal complaints). But the parties dispute (a) when Tran became aware that Plaintiff had filed the grievance, (b) whether the actions taken against Plaintiff were, in fact, adverse employment actions, and (c) whether Plaintiff presents sufficient evidence to survive summary judgment as to whether the grievance was a substantial motivating factor in adverse employment actions taken against Plaintiff. (Dkt Nos. 29, 41, 42.) To be clear, the mere existence of a disputed fact is not sufficient to survive summary judgment. *Anderson*, 477 U.S. at 248–49. Plaintiff must present sufficient evidence to show a *genuine* dispute, i.e. whether a reasonable jury could return a verdict for her. *Id.*

Regarding her wage claim, Plaintiff requested paperwork to file a report with the Postal Service Equal Opportunity Office on November 19, 2015 and notified the Office of Inspector General through the OIG online hotline "[d]uring the week of November 23, 2015." (Dkt. No. 6 at 4.) She asked Tran for copies of her time slips for the previous seven months "[d]uring the week of November 30, 2015," which Tran refused to do, instructing Plaintiff to make the request

---

[2] While the Ninth Circuit has not expressly held the *McDonnell Douglas* burden shifting framework applicable to FLSA claims in a published case, the parties appear to agree that the use of this framework is appropriate. (*See* Dkt. Nos. 29 at 7, 16, 17; 41 at 9–10.) Furthermore, the Ninth Circuit has, in an unpublished case, affirmed district courts' usage of the *McDonnell Douglas* framework in FLSA cases. *See Spata v. Smith's Food & Drug Ctrs., Inc.,* 253 Fed. App'x. 648, 649 (9th Cir. 2007) (finding that a district court did not commit reversible error in applying the *McDonnell Douglas* burden-shifting scheme to an FLSA retaliation claim).

to her union. (*Id.*) Plaintiff asserts, in her declaration to the Court, that Tran had given her historical time entries in the past and that she believed Tran "avoided giving me this information because she found out that I reported her to OIG and that I was filing an EEO against her." (Dkt. No. 2 at 2.) Plaintiff further asserts in her declaration that on December 3, 2015 she asked Tran "why she deleted my [overtime record for November 10]." Defendants do not meaningfully dispute these facts, other than to take issue with the assertion that Plaintiff's actions prior to December 3, 2015 were sufficient to apprise Tran that Plaintiff had filed a wage grievance. (Dkt. No. 42 at 4.) Plaintiff makes a prima facie showing that Tran was aware she had filed a grievance. Exactly when is not material to this dispute.

Plaintiff must also establish the existence of adverse employment actions. *Lambert*, 180 F.3d at 1007. She describes a number of incidents that she asserts represent adverse employment actions. (Dkt. Nos. 6 at 4–10; 41 at 13–16.) Defendants assert all but one are not, in fact, adverse employment actions. (Dkt. No. 29 at 7–12.) An employment action is adverse if it would dissuade a reasonable worker from engaging in FLSA-protected activity. *Ray v. Henderson*, 217 F.3d 1234, 1245 (9th Cir. 2000); *see also Burlington N. and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (internal citation and quotation omitted) (analyzing adverse employment actions in the Title VII context); *McBurnie v. City of Prescott*, 511 Fed. App'x. 624, 625 (9th Cir. 2013) (applying the *Burlington* standard to an FLSA retaliation claim). To note, "trivial harms" are not adverse employment actions. *Burlington*, 548 U.S. at 68.

Plaintiff contends that once she filed her grievance, Tran's behavior changed markedly. She became rude and unfriendly. (Dkt. Nos. 6 at 4–10, 41 at 4–8.) Plaintiff further references the following incidents occurring between November 28, 2015 and March 17, 2016: On one occasion, Tran told other employees in Plaintiff's vicinity whether their overtime requests were approved but "completely ignored" Plaintiff (Dkt. No. 6 at 4); on one occasion, Supervisor Natalie Padelford refused to approve sufficient overtime for Plaintiff to complete her mail route (*Id.* at 5); Plaintiff then voluntarily moved to a non-overtime schedule to reduce workplace

stress, and on five occasions Padelford and Tran refused to approve sufficient auxiliary assistance[3] to complete Plaintiff's daily duties (*Id.* at 7); Supervisor Phuc Nguyen and Tran supervised Plaintiff more closely than other employees, this included four occasions where they engaged in prolonged staring with arms crossed and/or took notes (*Id.* at 4, 8–9); finally, Tran refused Plaintiff's request for time to meet with a union steward, suggesting a meeting the following day while knowing that Plaintiff was off that day (*Id.* at 6). "[P]ersonality conflicts," a "lack of good manners," and "snubbing by supervisors" do not constitute an adverse employment action. *Burlington*, 548 U.S. at 68–69. Nor is being "less civil, star[ing] at [an employee] in a hostile fashion, and bec[o]m[ing] more critical of [an employee's] performance." *Kortan v. Cal. Youth Auth.*, 217 F.3d 1104, 1112 (9th Cir. 2000). None of the incidents described above individually support a prima facie case for an FLSA retaliation claim.

Plaintiff points out that even if many of the actions appear trivial in isolation, they collectively represent an adverse employment action. (Dkt. No. 41 at 11–12.) In support, she cites *Thomas v. County of Riverside*, 763 F.3d 1167, 1169 (9th Cir. 2014) (remanding decision back to district court to determine whether individual incidents were "part of a more general campaign and hence might in context have greater materiality than when viewed in isolation."). But *Thomas* is inapposite. In *Thomas*, the incidents at issue were as follows: the employee was removed from a teaching assignment worth $9,000 in annual compensation, forced to commute between work sites off the clock, had previously-approved vacation rescinded, and was removed from a workplace committee. 763 F.3d at 1169. These are more significant than the incidents described by Plaintiff. Furthermore, the incidents in *Thomas* were in the context of additional incidents: three involuntary transfers and three internal investigations against that same employee—"archetypal adverse employment actions." *Id*. Therefore, unlike in *Thomas*, the Court does not find support for a collective adverse action in this case.

---

[3] Auxiliary assistance means that another postal carrier delivers some of the employee's mail for the day. (Dkt. No. 32 at 4.)

Plaintiff also describes a letter of warning she received from Nguyen for failing to affirmatively notify her supervisor that she brought undelivered mail back to the station. (Dkt. No. 6 at 6.) Defendants do not dispute that this is an adverse employment action. (Dkt. Nos. 29 at 8, 13; 42 at 8–9.) To support a prima facie case based on this action, Plaintiff must also show that the grievance was a substantial motivating factor in issuing the letter. *Lambert*, 180 F.3d at 1007. Plaintiff asserts that the letter was a "frivolous act of discipline, committed by manager Tran in order to retaliate against Plaintiff." (Dkt. No. 6 at 7.) To survive summary judgment, Plaintiff must support this assertion with sufficient evidence for a reasonable jury to return a verdict in her favor. *Anderson*, 477 U.S. at 248–49. Plaintiff provides *no* material evidence and her conclusory statement, absent additional evidence, does not meet this standard. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir.1987). Whereas Defendants present significant evidence that the disciplinary letter was unrelated to her grievance against Tran.

In her deposition, Plaintiff concedes that she "is not sure she said something to" her supervisor about the undelivered mail because it would have been obvious to him had he looked in her mail cart. (Dkt. No. 30-1 at 94.) In addition, she concedes that another employee was similarly disciplined for bringing mail back without notifying a supervisor that same day. (*Id*. at 96.) She also concedes that Nguyen did not have any reason to unjustifiably discipline her. (*Id*. at 105.) Further, in a declaration presented by Defendants, Nguyen asserts that Tran did not instruct him to issue the disciplinary letter. (Dkt. No. 31 at 2.) Nguyen issued the letter after a postal supervisor informed him that Plaintiff left undelivered mail in her cart without notifying the supervisor, a violation of Postal Service policy. (*Id*.) Nguyen also indicates that he was a new supervisor at the facility, was not working at the facility when the overtime wage withholding incident underlying Plaintiff's grievance occurred, and was not aware that Plaintiff had filed a grievance against when issuing the letter. (*Id*. at 1–4.) Based on this evidence, the Court finds that Plaintiff fails to make a prima facie showing that the grievance was a substantial motivating factor in issuing the warning letter to Plaintiff.

For the reasons described above, none of the actions asserted by Plaintiff establish a prima facie case of retaliation under the FLSA. Therefore, the Court need not consider whether Defendants provide a legitimate, non-discriminatory reason for any adverse actions. The Court GRANTS Defendant's motion for summary judgment on this claim.

### D. Hostile Work Environment Claim

Plaintiff asserts a claim under FLSA for the creation of a hostile work environment. While a hostile work environment is actionable under various anti-discrimination statutes, the FLSA is not one of them. *See* 29 U.S.C. § 201 *et seq.*; *Cook-Benjamin v. MHM Correctional Services, Inc.*, 571 Fed. App'x. 944, 949 (11th Cir. 2014) (upholding sanctions against employee's attorney for brining such a claim). Therefore, the Court GRANTS Defendant's motion for summary judgment on this claim.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion for summary judgment (Dkt. No. 29) is GRANTED. All of Plaintiff's remaining claims are dismissed with Prejudice. The Clerk is DIRECTED to close this case.

DATED this 26th day of October 2017.

John C. Coughenour
UNITED STATES DISTRICT JUDGE